STATE OF MISSOURI, Respondent, v. J. L. FITZPORTER ET AL., Appellants.

April 7, 1885.

1. CRIMINAL LAW—INFORMATION—ACTING ATTORNEY—PRESUMPTIONS.— It will be presumed, on appeal, that the person who signs a criminal information as "acting prosecuting attorney" is so acting under legal appointment.

2. ———— VERIFICATION OF INFORMATION.—An information filed in the St. Louis court of criminal correction by the assistant prosecuting attorney thereof, need not be under oath.

3. STATUTES—REPEAL BY IMPLICATION.—The provisions of a general law will not, by implication, repeal a prior special statute.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Affirmed.*

ROWE & MORRIS, for the appellants: There is no such prosecuting officer in the city of St. Louis, or state of Missouri, as acting assistant prosecuting attorney of the St. Louis court of criminal correction. The court will judicially take notice that there is no such prosecuting officer in the city of St. Louis as acting assistant prosecuting attorney of the St. Louis court of criminal correction, and will judicially notice who are the *de facto* prosecuting officers of the city of St. Louis *and their powers and duties.*—Rev. Stat., sects. 16 and 18, p. 1513; *State* v. *Gates,* 67 Mo. 139; Rev. Stat., sects. 518 to 525; *The City of Kansas* v. *Flannagan,* 69 Mo., p. 23. The information must be signed by some one of the

prosecuting officers for the city of St. Louis, and they can not delegate their authority.—*State* v. *Klem*, 79 Mo. 516; *State* v. *Sebecca*, 76 Mo. 55; *State* v. *Huddleston*, 75 Mo. 667; Rev. Stat., sect. 19, p. 1514; *Callahan* v. *Shotwell*, 60 Mo. 398. The information is not verified as regarded by law. An information verified by the oath of a private citizen can not be on his "best knowledge and belief;" it must be a direct and positive affirmation of the truth of the facts alleged.—Rev. Stat., sects. 1762–3.

J. R. CLAIBORNE, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The information charging the defendants with administering medicines and using instruments with intent to procure an abortion is filed in the name of "Wm. J. Reed, acting assistant prosecuting attorney of the St. Louis Court of Criminal Correction, now here in court, on behalf of the State of Missouri," and is verified by the affidavit of John A. Hobbs, who "upon his oath says that the facts stated in the above information are true, according to his best knowledge and belief." The appellants object that the information is not filed by the proper officer, and that it is not verified as the law requires.

Although we may concede, as it is claimed, that an information in the court of criminal correction should be presented by a duly qualified prosecuting or assistant prosecuting attorney of the court, there will still be a difficulty in the way of sustaining the appellants' position, on account of sections 518 to 525, inclusive, of the Revised Statutes. These provisions require the court to appoint, in certain contingencies affecting the prosecuting attorney or the assistant, "some other person to prosecute or defend the cause." "If he be sick or absent such court shall appoint some person to discharge the duties of the office until the proper officer resume the discharge of his duties. * * * The person thus appointed shall possess the same power and receive the same fees as the

proper officer would if he were present." These are general provisions, whose intended application to the officers of the court of criminal correction is easily apparent in section 524. The word "acting," in this connection, is not found in the statute, but it is fitly descriptive, and is very properly used, to distinguish the temporary from the permanent officer. In the absence of any affirmative showing to the contrary, we are not at liberty to assume that the acting officer, who was fully recognized as such by the trial court, had not been properly appointed and qualified in obedience to the statutory provisions. This record sufficiently shows that he was, for the time being, the official representative of the state, and duly authorized to present the information.

Section 19 of the act establishing the St. Louis court of criminal correction (Rev. Stat., p. 1514) provides that if the information be "lodged by said prosecuting attorney, or by said assistant prosecuting attorney, it need not be under oath ; if lodged by any other person, he shall swear to the same to the effect that he believes it to be true." * * * In *Ex Parte Thomas* (10 Mo. App. 24) this court held that, under our present state constitution, the provision which permits an information to be filed by "any other person,"—meaning a private citizen—is inoperative and void. As the present information was filed, within the intent of the statute, by one of the designated officers, an oath was unnecessary under section 19 above quoted, and the verification appended by Hobbs may be disregarded, as surplusage. But our attention is called by the appellants to Revised Statutes, section 1762, in which it is declared: "All informations shall be signed by the prosecuting attorney and be verified by his oath, or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information ; the verification by the prosecuting attorney may be upon information and belief." This statute is, on its face, a general provision for the government of circuit courts throughout the state, and of some others of concurrent jurisdic-

tion. It comes within a rule of interpretation, which is too well settled for elaborate discussion. As a general law, it is not to be understood as repealing by implication a special or local law, although appearing to be inconsistent therewith, "unless there is something in the general law, or in the course of legislation upon its subject matter, that makes it manifest that the legislature contemplated and intended a repeal."—*State ex rel.* v. *Fiala*, 47 Mo. 320; *State* v. *De Bar*, 58 Mo. 395. We are unable to find in this general law, or in the course of legislation upon its subject matter, any intimation of a legislative intention to disturb the existing local regulations provided in this connection for the city of St. Louis and its court of criminal correction, although the general law is the later in its date of passage.

We think there is nothing in either of the two points thus considered and, as no other ground for a reversal is suggested, or apparent in the record, the judgment will be affirmed. All the judges concur.