THE STATE V. BUCHARDT, *Appellant.*

Division Two, May 17, 1898.

1. **Punishments**: CONFLICT IN STATUTES. It is unconstitutional to punish the violation of a public or general law by one species of punishment in one locality and by a different or more heavy punishment in other localities of the State. (Overruling *State ex rel. Maggard v. Pond*, 93 Mo. 606, in which GANTT, P. J., does not concur.)

2. ————: ————: REMEDIAL STATUTE. But, although one statute (R. S. 1889, sec. 3547) provides a punishment "by imprisonment in the county jail not exceeding one year" and another statute says a party convicted in the St. Louis Court of Criminal Correction "shall, instead of being sentenced to imprisonment in the county jail, be sentenced to imprisonment in the workhouse" for a period not longer "than six months for any cause," and although these statutes are irreconcilable, yet their unconstitutionality may be ignored and a sentence to one year's confinement in the workhouse by said court may be sustained by reason of a subsequent statute (R. S. 1889, sec. 4266) providing that whenever any person shall be subject to imprisonment in a county jail he may at the discretion of said court be confined to the workhouse for the same length of time.

*Appeal from St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.
AFFIRMED.

*Martin & Bass* for appellant.

*Thomas E. Mulvihill* for the State.

SHERWOOD, J.—Defendant was charged in the information with petit larceny, in that he stole some hams and bacon worth $8. For this appropriation of another's goods, he, having pleaded guilty, was fined in the sum of $100 and sentenced to the workhouse of the city of St. Louis for the term of one year. From this judgment he appealed to the St. Louis Court of Appeals, by which court this cause was transferred to

this court on the ground that it involved a constitutional question.

Section 3547, Revised Statutes 1889, provides that petit larceny shall be punished "by imprisonment in the county jail not exceeding one year, or by fine not exceeding $100, or by both such fine and imprisonment." Section 32 of the law establishing the St. Louis Court of Criminal Correction, page 2156, 2 Revised Statutes 1889, prescribes that when "the punishment of any misdemeanor is partly or wholly by imprisonment in the county jail, the party convicted in that court shall, instead of being sentenced to imprisonment in the county jail, be sentenced to imprisonment in the workhouse of the city of St. Louis, and be there kept at hard labor during the period of imprisonment to which such party may be sentenced; but no sentence shall be for a longer period than six months for any cause; nor shall any person be detained for a greater period by reason of his or her failure to pay any fine which may be imposed by said court."

It is plain to see that the general statute as mentioned and quoted from, to wit, section 3547, can not be reconciled with section 32, also quoted from, which pertains to the court of criminal correction. Under our Constitution it is not permissible to punish the same offense or violation of some public or general law by one species of punishment in one locality and by a different or more heavy punishment in other localities in this State. A law inflicting such different penalties for the perpetration of any given crime can not bear the test of judicial examination. Cooley, Const. Lim. [6 Ed.] 481, 483, and cases cited; *State v. Julow*, 129 Mo. *loc. cit.* 176; *State v. Walsh*, 136 Mo. *loc. cit.* 406; *State v. Thomas*, 138 Mo. *loc. cit.* 100; Const. of Mo., pars. 32, 33, of sec. 53, art. IV. In *State ex rel. v. Pond*, 93 Mo. 606, it was ruled that a

State v. Buchardt.

law was constitutionally valid which, whenever adopted by a vote of the people of any city or county, punished the selling of liquor in a different way and with heavier penalties than in other localities. Laws 1887, p. 181, sec. 9; R. S. 1879, sec. 5450. According to the authorities heretofore cited, the case in 93 Mo., *supra*, was incorrectly decided, and will not be followed.

But notwithstanding what has been said, and notwithstanding the differences between the two statutes as to their respective punishments and their duration, the difficulty presented is readily overcome by reason of a subsequent statutory enactment which provides that whenever any person because of a conviction of a misdemeanor or felony shall be subject to imprisonment in a county jail, such person may, at the discretion of the court, be confined to the workhouse. R. S. 1889, sec. 4266. The next succeeding section provides that the sentence in such case shall be for the full term. Looked at in the light of these subsequently enacted sections, the defendant was correctly sentenced and the unconstitutionality of section 32 has been eliminated from any prejudicial effect on the sentence imposed on defendant, and therefore judgment affirmed.

All concur. GANTT, P. J., specially.

GANTT, P. J. (*concurring*).—I concur in affirming the judgment but not in so much of the opinion as disapproves the decision of this court in *State ex rel. v. Pond*, 93 Mo. 606, and necessarily all the cases which have since approved or followed that decision. *Ex parte Mitchell*, 104 Mo. 121; *Ex parte Swann*, 96 Mo. 44; *State v. Moore*, 107 Mo. 78; *State v. Searcy*, 111 Mo. 236; *State v. Watts*, 111 Mo. 553; *State v. Wingfield*, 115 Mo. 428. In my own judgment the soundness of those decisions are not involved in this record.