## In re JOSEPH LORKOWSKI.

### St. Louis Court of Appeals, May 13, 1902.

1. **Convicts: JAIL SENTENCE: FINES, WORKING OUT FINE: CREDIT FOR WORK: ST. LOUIS CITY CHARTER: STATUTORY CONSTRUCTION.** Section 2384, Revised Statutes 1899, provides that convicts sentenced to the county jail may be required to work, if the county court has made provision therefor, and shall work one day for each dollar of fine and costs. Section 1792, Revised Statutes 1899, provides that a prisoner sentenced to pay a fine by the circuit court and confined in the county jail shall work one day for every dollar of his fine. Section 2685, Revised Statutes 1899, provides that any person so convicted may be confined in any workhouse or other place of imprisonment belonging to any city in said county which has been separated by law from the county; *Held*, that a prisoner sentenced by the court of criminal correction of the city of St. Louis, to pay a fine, and committed in default of payment to hard labor in the house of refuge, is only entitled to one dollar a day credit for such work, and not two dollars per day, under section 2801, Revised Statutes 1899, providing that prisoners detained for non-payment of fines shall be imprisoned only one day for each two dollars of fine or costs, as the latter section only applies to cases where no provision has been made for working prisoners; and article 18, section 24 of the laws applicable to St. Louis only, provide that no person sentenced by such court to pay a fine shall avail himself of the act for insolvent debtors, which latter act includes section 2801, Revised Statutes 1899.

2. ———: ———: ———: ———. Article 18, section 33 of the laws only applicable to St. Louis, providing that every person committed by the St. Louis Court of Criminal Correction, in default of payment of a fine, shall be sentenced to hard labor, and receive credit on the fine and costs at fifty cents per day, and article 21, sections 5 and 6, authorize the indeterminate sentence of persons under sixteen years in the house of refuge, subject to discharge by the board of managers or mayor, is in conflict with sections 1791-1793, 2834-

In re Joseph Lorkowski.

2836, Revised Statutes 1899, providing that persons confined at labor in the county jails shall receive one dollar per day credit, so as to cause the latter statutes, which were passed subsequent to the former, to operate as a repeal thereof, especially as section 2385, Revised Statutes 1899, expressly refers to the confinement of prisoners in cities which are separate from the counties.

3. ———: ———: ———: INDETERMINATE SENTENCE. Article 21, sections 5 and 6 of the laws applicable to St. Louis only, authorizing the indeterminate imprisonment in the St. Louis House of Correction of children under sixteen years old, in so far as it applies to persons convicted of misdemeanor, is repealed by implication by section 2381, Revised Statutes 1899, authorizing the indeterminate sentence of minors under sixteen years who are sentenced for felony.

4. ———: ———: ———: ———. And a youth under sixteen years of age, who is confined in the St. Louis House of Refuge for a misdemeanor, is entitled to his discharge on the expiration of his term, and he can not be arbitrarily detained beyond that time by the board of managers, under article 21, section 3 of the law applicable to the city of St. Louis only, provided, that destitute, abandoned, or neglected children under such ages may be committed to such home; but he must be committed under the latter section by appropriate proceedings.

Original Habeas Corpus Proceeding.

PETITIONER DISCHARGED.

*Joseph Furling* for petitioner.

*Chas. W. Bates* and *Wm. F. Woerner* for respondent.

The St. Louis House of Refuge Act is found in Revised Statutes 1899, pages 2553, *et seq.* This act shows that the house of refuge is not a penal institution but an eleemosynary institution provided by law for the care and protection of infants; it shows further that there is no provision authorizing the imprisonment of any one in this institution for crime.

Section 3 of this act specifies the circumstances under which, and the authorities by whom, infants may be sent to this institution. Section 4 provides for the placing of infants in this institution by parents or guardians. Section 6 provides as one of the situations which, in the eye of the law, justifies the placing of an infant in this institution, which situation is that the infant has been convicted of a misdemeanor, upon which conviction he is liable to confinement in the workhouse or county jail, in which case the court or magistrate giving sentence against the infant may, at his discretion, place the infant in the St. Louis House of Refuge or State Reform School. And in order to show clearly that the commitment, as it is termed, of the infant to this institution is not a punishment for crime, this section itself provides that the commitment shall not be made for any specified time, but that a minor so committed to this institution may be discharged at any time under the provisions of the preceding section.

BLAND, P. J.—Petitioner, a youth under the age of sixteen years, was on December 21, 1901, convicted of petit larceny in the court of criminal correction in the city of St. Louis. His punishment was assessed at a fine of fifty dollars. In default of the payment of this fine and costs he was on the twenty-fourth day of said month committed to the house of refuge in the city of St. Louis to be there kept at hard labor until he should pay the fine and costs. The costs amounted to fifteen dollars and eighty-five cents, making a total to be paid by him in labor of sixty-five dollars and eighty-five cents. He is still held in custody by the keeper of the house of refuge on the commitment. On the seventh day of May, 1902, he presented to one of the judges of this court his petition praying for his discharge, alleging that he was unlawfully restrained of his liberty. A writ of habeas corpus was issued and served on the keeper of the house of refuge. For

Vol 94 app—40

In re Joseph Lorkowski.

return to the writ the keeper justifies under the commitment. A demurrer to the return has been filed by the petitioner and the cause argued before a full bench.

The petitioner claims that he is entitled to a credit of two dollars per day for each day he has been in prison. He makes his claim under the provision of section 2801, article 13, Revised Statutes 1899. If he be given credit under the provisions of this article, he is entitled to his discharge. But the article is not applicable to his situation. It has no application to convicts who have been sentenced to labor. The section applicable to such convicts is section 2384, Revised Statutes 1899, which requires, when the county court shall have made provision therefor, that the convict shall work one day for every dollar of the fine and costs.

Article 5, Revised Statutes 1899, entitled "County Courts," makes provision for working prisoners who have been convicted and sentenced to the county jail whereby the county courts may cause them to labor. Section 1791 of the article authorizes the county court to contract for their employment. Section 1792 authorizes the county court to cause them to work upon the county roads. Section 1793 authorizes the county courts, at their discretion, to cause such persons to be put to work and to perform labor on public roads or the court may procure a lot of ground, by purchase or rent, and cause said prisoners to break rock. This section provides that if the "punishment be by fine and the fine be not paid, the prisoner shall work one day for every dollar of his fine."

Section 2685 of the general statutes of 1899, provides that whenever any person shall, because of a conviction for any misdemeanor or felony, be subject to imprisonment in the county jail such person may, at the discretion of the court, be confined in any workhouse or other place of imprisonment belonging to any town or city in said county or in any incorporated city from which said county has been separated by law.

Section 2686 provides that all persons shall be imprisoned for the full term of their sentence, unless sooner discharged by due course of law.

Section 2801 is only applicable when a convict is sentenced to jail for the non-payment of a fine adjudged against him, and the county court of the county in which he was convicted has made no provision for working prisoners, and where the prisoner is not required to labor. The two dollars per day, mentioned in section 2801, is not intended as a credit against the fine, but to fix a basis for the computation of the time in which the prisoner shall be entitled to his discharge by complying with the provisions of the article. Section 2806 of this article provides that the prisoner shall make out a schedule of all of his property and deliver it with all of his property in his possession to the sheriff when he makes his application for discharge. The next succeeding section requires the judge or clerk to whom the application was made for discharge to deliver to the prisoner such of his property as is exempt from execution, and the next section requires the judge or clerk to order the sheriff to sell the perishable property not exempt. These provisions plainly show that for mere confinement in jail no credit can be given a prisoner against the fine and costs assessed against him under any of the provisions of article 13. Besides, to avail himself of the benefits of this article the prisoner must, in the first instance, make application for his discharge to the judge or the clerk of the court in which he was convicted.

Section 24, article 18, of the laws applicable to St. Louis only, provides that no person convicted in the court of criminal correction, of a misdemeanor under the laws of the State, and sentenced to pay a fine can be permitted to avail himself of any act for the relief of insolvent debtors.

Section 2686, supra, also requires that where a person convicted of a misdemeanor is required to labor, that he must serve out the full term of his sentence.

In re Joseph Lorkowski.

In no view of the case can the petitioner avail himself here of the benefits of the provisions of article 13.

Section 33 of article 18 provides that every person committed by the court of criminal correction, on a conviction to pay a fine, shall be sentenced to hard labor, and if unable to pay the fine and costs, shall be allowed for his work at the rate of fifty cents per day not to exceed six months. There is a conflict between this section and sections 2384 and 1793, in respect to the amount to be allowed a prisoner for each day he works. Section 32, article 18, in respect to the court of criminal correction, provides that a party convicted in said court, instead of being sentenced to imprisonment in jail, may be sentenced to the workhouse in the city of St. Louis, or such other place of imprisonment as the city of St. Louis may provide for that purpose, and be there kept at hard labor until the period of imprisonment for which said party may be sentenced; that no sentence shall be for a longer period than six months for any cause.

In ex parte Thomas, 10 Mo. App. (St. L.) 24, it was held that this section was valid so far as it fixed the place of imprisonment, but was invalid in so far as it fixed the term of imprisonment, for the reason that it prescribes a punishment different from that prescribed by the general law. Following In re Jilz, 3 Mo. App. (St. L.) 243, in State v. Buchardt, 144 Mo. 83, it was held that section 32 of article 18 was unconstitutional because in conflict with section 3457, Revised Statutes 1889, which fixes the punishment for petit larceny by imprisonment in the county jail not exceeding one year or by a fine not exceeding one hundred dollars, or by both said fine and imprisonment, on the ground that "it is not permissible to punish the same offense for a violation of the same public or general law by one species of punishment in one locality and by a different or more heavy punishment in another locality in this State."

Article 18 was enacted in 1869, and section 2384, R. S. 1899, was enacted in 1883.

In State v. Bennett, 102 Mo. 356, it was held that a subsequent general law will, by implication, repeal a prior special one where it appears such was the legislative intention. In the light of the decision in State v. Buchardt, supra, holding in effect that punishment for the same offense should be uniform throughout the State, we conclude that so much of section 33 of article 18 as allows but fifty cents per day to persons convicted in the court of criminal correction and sentenced to hard labor in default of payment of the fine adjudged against them, is in conflict with sections 2384 and 1793, passed at a subsequent date, and that the petitioner, under the general law, is entitled to a credit of one dollar per day for each workday from the date of his commitment to the present time. If he be given this credit he is entitled to his discharge unless, as is contended by his keeper, his confinement is not for a specific term, but is at the discretion of the mayor of the city of St. Louis, or at the pleasure of the board of managers of the house of refuge.

Section 6 of article 21, entitled "The House of Refuge," provides that "all males under sixteen years of age, and females under fourteen years, who shall, under the existing laws of the State of Missouri or ordinances of the city of St. Louis, . , . be liable to confinement in the workhouse of St. Louis city or the county jail of St. Louis county, may, at the discretion of the court or magistrate giving sentence, be placed in said house of refuge or the State Reform School (if such school be established) and when so placed in said house of refuge shall be under the control of the board of managers thereof and that no such commitment shall be made for any special term."

The contention of the keeper of the house of refuge is that under the provisions of this section so much of the commitment as undertook to fix the term of the petitioner's imprison-

ment is surplusage and that he is entitled to hold the prisoner until he may be discharged under the provisions of section 5 of article 21, that is, until discharged by order of the mayor or by order of the board of managers of the house of refuge.

The Legislature, by sections 1791, 1792, 1793, 2384, 2685, and 2686, has provided a scheme for causing persons convicted of misdemeanors and sentenced to jail, or committed therein for non-payment of fines and costs assessed against them, to labor for definite and certain terms. That the city of St. Louis is included in this general scheme is apparent from the language of section 2685, whereby its provisions are made to apply to any incorporated city which has been separated by law from a county. St. Louis is the only city in the State so separated, and we must conclude that it was in the minds of the legislators when they voted upon and passed these sections. These provisions being general in their character, and enacted after the passage of articles 18 and 21 relating to the house of refuge and the St. Louis Court of Criminal Correction, supersede them and by implication repeal so much of these articles as is inconsistent with the general statutes relating to the same subject-matter. Authorities, supra.

Section 2381 provides that minors under the ages of sixteen, convicted of a *felony*, shall be sentenced to confinement in the reformatory school for a period of "one year or over or until he shall have become twenty-one years of age." This statute was also enacted subsequent to the enactment of article 21 and is the only general statute we have authorizing the sentence of a minor convict for an indeterminate term or until he is twenty-one years of age. It is inconsistent with section 6 of article 21 in that the indeterminate sentence can only be pronounced on conviction of a felony under section 2381, while section 6 authorizes such a sentence on conviction of a minor under sixteen years of age for a misdemeanor or for the mere violation of a town ordinance. Under the provisions of section 6, a child under sixteen years of age might be convicted

for scribbling his name on the walls of the courthouse in the city of St. Louis and be committed to the house of refuge and kept there until he became twenty-one years of age; when for a like thoughtless act by a country child of the same age, his punishment would be a fine of one dollar or probably one cent (section 1975, R. S. 1899). Such unequal punishment is not to be thought of, and the act which seemingly authorizes it must yield to the provisions of the general law as expressed in section 2381, and we hold that so much of section 6 of article 21 as prohibits the court of criminal correction from committing a person, convicted of a misdemeanor in that court, to the house of refuge for a definite term, is by implication repealed by section 2381.

We agree with the contention of the keeper of the house of refuge that it is an eleemosynary institution; that the object of its establishment was reformatory. The act authorizing the city of St. Louis to establish a house of refuge shows that it was intended for the confinement and reform of juvenile offenders. Session Acts 1855, p. 284. Its design is to train its inmates to industry and to improve their morals, and we agree that the State may interfere in its capacity of *parens patriae* and commit to the house children under sixteen years of age (to use the language of the statute) "that are found in the city in a state of want, or abandoned, or improperly exposed, or grossly neglected by their parents," etc. Such institutions, when established and maintained by a public corporation, are both penal and reformatory and are well adapted for the confinement of juvenile culprits by separating them from the matured and hardened class of criminals, and by the reformatory influences that are placed before them. But it is not within the authority of the board of managers of the house of refuge to retain, under a commitment issued by a court having jurisdiction, a minor committed for a longer term than that specified in the commitment. At the expiration of the time for which he was sentenced, the peti-

tioner was entitled to his discharge from the restraint of the commitment the same as if he had been committed to the workhouse. But it does not follow that every minor committed to the house of refuge on conviction of a misdemeanor should be set at liberty; or, if it should be found that he comes within the class of children mentioned in section 3 of article 21, he may be re-committed after serving his sentence, upon a proper complaint and proof of the facts as provided in said section 3. When the house of refuge is designated as the place of confinement for a youth under sixteen years of age and under sentence on conviction of a misdemeanor, it is as to him a penal institution and while confined therein on account of such conviction and commitment he is undergoing penal servitude, and when he has served the time for which he was committed (which should be definite and certain), he is entitled to his discharge from such servitude as much so as if he had been committed to the workhouse instead of the house of refuge.

A computation of the time the petitioner has served under the commitment shows that he has served the full term for which he was committed. It is therefore ordered that he be and he is hereby discharged from the custody of the keeper of the house of refuge and permitted to go hence unrestrained of his liberty. Judge BARCLAY concurs in this opinion. Judge GOODE agrees that the prisoner should be discharged, and expresses his views in a separate opinion.

### CONCURRING OPINION.

GOODE, J.—We are to distinguish in this case between the two purposes for which the house of refuge in the city of St. Louis may be used, according to the act creating it, namely:

First. To reclaim neglected, vicious or abandoned children from a bad life or evil influences.

Second. For the confinement of males under sixteen years of age, and females under fourteen years, who have been

convicted of some offense for which they might be imprisoned in the workhouse or county jail, in which cases, in the discretion of the court imposing the sentence, they may be placed in the house of refuge.

The object to be attained in the first class of cases is purely reformatory, while in the second it is at least partially punitory and the procedure to be followed is different in the two classes. The mode of confining a child who has been neglected or has no proper parental control, is prescribed by sections 3 and 4, article 21, volume 2, of the Revised Statutes of 1899, and the procedure for committing those who have been convicted of an offense by section 6 of said article.

When a child has been committed to the house of refuge on account of an offense against the criminal law or the ordinances of the city of St. Louis, he is entitled to the same constitutional rights and guaranties that other convicts are, one of which is that the restraint of his liberty shall be of certain instead of uncertain duration. But section 6, which leaves the commitment to the discretion of the court or magistrate trying the case, expressly provides that the commitment shall not be for a specific term and that the minor may be discharged under the provisions of the preceding section; to-wit, section 5, which authorizes a discharge by the mayor in certain contingencies, or by the board of managers of the institution. The effect of the provisions of section 5 is to permit the keeping of a child in the house of refuge until he attains his majority, unless the mayor or board of managers see fit, in their discretion, to discharge him sooner.

A minor may be sent to the house for the most trivial offense, such as the violation of an insignificant city ordinance. He may be usually a good and well-meaning child and have excellent home influences; but according to this statute he may be deprived of those home influences and kept within the institution until he is twenty-one years of age, although it may be years before he reaches that age. Such a law, in my opinion,

is undoubtedly unconstitutional and utterly void because it imposes an unusual punishment, a punishment at once capricious and unjust—one which may be altogether disproportionate to the offense and ruinous to the offender—one, too, inconsistent with the general punitive system of the State. The statute is within the reasoning of this court in In re Jilz, 3 Mo. App. 243, and State v. Thomas, 10 Mo. App. 24, and of the Supreme Court in State v. Buchardt, 144 Mo. 83, and void for the reasons assigned in those decisions.

In the case of People ex rel. Bradley v. Illinois State Reformatory, 148 Ill. 413, the Supreme Court of Illinois construed the law relating to the state reformatory of that commonwealth, which was assailed on the ground that it permitted a convict to be imprisoned in the reformatory for an indefinite period, but that statute contained this provision:

"The term of such imprisonment of every person so convicted and sentenced shall be terminated by the board of managers of the reformatory as authorized by this act. *But such imprisonment shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced.*"

It was ruled that on account of the last clause, the confinement in the reformatory could not be for an indefinite period, notwithstanding the statute provided that the court inflicting the sentence should not fix a limit of imprisonment, because the law itself fixed the limit at the maximum term for which the prisoner might be sentenced. No saving clause of that kind is found in the section in regard to commitment to the St. Louis House of Refuge after conviction for an offense; but it is expressly enacted without more, that the convict shall not be committed for a specified term, but may be discharged at any time by the board of managers or mayor on contingencies provided in the preceding section. An examination of the original act creating the house of refuge, which is to be found in the Session Acts of 1855, enforces

the view that an offender is to be restrained of his liberty in that house indefinitely at the discretion of the board of managers until he reaches his majority.    Section 3 of said act reads as follows:

"All males under sixteen and females under fourteen years of age, who shall, under existing laws of the State of Missouri, or ordinances of the city of St. Louis, or such as may hereafter be enacted or passed, be liable for confinement in the workhouse of St. Louis city, the county jail of St. Louis county, or the penitentiary of the State of Missouri, may, at the discretion of the court or magistrate giving sentence, be placed in the said house of refuge, and, when so placed, shall be, until reaching the age of twenty-one years, under the exclusive control of the managers of said house of refuge, according to the regulations hereinafter provided."

Such a law is wholly inconsistent with the spirit of our institutions, with the rights of citizens, and with the Constitution itself, which requires uniform punishment for offenses throughout the State and punishment of no unusual character. The result is that there can be no lawful commitment to the house of refuge for the commission of a crime, because the statute which undertakes to authorize it is void for requiring the confinement to be for an unreasonable and uncertain period.

In my opinion, there is no legislation on our statute books by which this prisoner is entitled to be discharged if it is ruled that his original commitment to the house of refuge was lawful and valid.    The legislative purpose was to separate, in some measure, the punishments inflicted by the St. Louis Court of Criminal Correction, by imprisonment in the house of refuge, workhouse and jail, from the general scheme of criminal punishment throughout the State, and it was especially intended to detach them from the effect of those statutes which allow convicts to be discharged under the insolvent act or by being credited with one dollar a day for such

time as they are kept at labor; for it is provided by section 24 of article 18, volume 2 of the Revised Statutes of 1899, that no person convicted in the court of criminal correction or in the St. Louis Circuit Court, of a misdemeanor under the laws of the State and sentenced to the payment of a fine and costs, shall be allowed the benefit of the provisions of any act for the relief of insolvent debtors, and by section 33 of the same article, that every person committed to the workhouse, or other place of imprisonment provided by the city of St. Louis, by the court of criminal correction, shall be put to hard labor at such work as his or her health will permit, and shall be allowed for his or her work at the rate of fifty cents a day; but that the imprisonment for the non-payment of the fine shall not exceed six months.

Sections 2685, 2686, 2384 and 1791, and other sections in relation to working prisoners on public work and on roads, all contain clauses and provisions which show, in my opinion, that they never were intended to cover minors confined in the house of refuge and can not be applied to such minors without an ingenious construction which enlarges their letter and spirit; they only apply to instances where a sentence for a certain term is directed.   Neither is section 2381, which relates to felonies and the reform school, in point.

The undoubted purpose of the Legislature was to have minors confined in the house of refuge, held until they attained their majority, unless the mayor or board of managers see proper to discharge them sooner, without any regard to the methods provided by which other convicts may be discharged under the insolvent laws or statutes allowing them credit for their labor at the rate of one dollar a day.

The result is that we have an omitted case; the Legislature has enacted a law for the confinement of minors convicted of misdemeanors, in the house of refuge, which is unconstitutional because the imprisonment is permitted for no definite period.   We can not read into that act, or substitute for it,

another clause that they may be confined for a definite period. The Legislature has also failed to provide any mode by which prisoners, confined there under sentence, may be discharged on account of their labor, unless the fifty-cents-a-day clause applies to the house of refuge, and I think it does not. Moreover, that statute seems to be void because different from the law in force in the rest of the State in regard to the amount of the credit. State v. Buchardt, supra.

Be that as it may, it is very clear that the statute, under which the petitioner was sentenced to the house of refuge, is unconstitutional because it provides for no definite term and there is no other statute authorizing his imprisonment there. For these reasons I think he is entitled to be discharged. If the law as thus viewed is a hardship and precludes the confinement of minors in the house of refuge when they have been found guilty of misdemeanors, the Legislature should deal with the matter by an amendment.

Considering the form of the commitment, I do not think we can sentence the petitioner to imprisonment in the city jail or workhouse under section 3615 of the Habeas Corpus Act, and concur, for the reasons above stated, in the judgment discharging him from custody.