Ex PARTE PAT GARRETT, Petitioner.—75 S. W. (2d) 577.

Court en Banc, October 24, 1934.

*Harry L. Russell* for petitioner.

GANTT, J.—On August 27, 1934, Pat Garrett was convicted in Division One of the St. Louis Court of Criminal Correction under Section 4026, Revised Statutes 1929, for failure to support his children under sixteen years of age. The penalty for a violation of said section is imprisonment in the county jail for one year, or a fine not exceeding $1,000, or both such fine and imprisonment. Garrett was sentenced to serve a term of one year in the city workhouse and is there imprisoned. He seeks to be discharged in this *habeas corpus* proceeding, contending that under Section 14666, Revised Statutes 1929, said court only had jurisdiction of misdemeanors, for the violation of which the punishment is six months or less.

A court of criminal correction was established in the county of St. Louis in 1866 (Laws 1865-6, p. 78). The act establishing the court was amended in 1868 (Laws 1868, p. 265), and in 1869 (Laws 1869, pp. 194-196). On the separation of the city from the county, the jurisdiction of said court was confined to offenses committed in the city. [State ex rel. v. Wilder, 198 Mo. 166, 172, 95 S. W. 910.] Section 13 of the amended Act of 1869 is now Section 14646, Revised Statutes 1929, which follows:

"Said court shall have exclusive original jurisdiction of all misdemeanors under the laws of the State committed in St. Louis city, the punishment whereof is by fine, or imprisonment in the county jail, or both, or by forfeiture, except cases of assault and battery, and affray, or riotous disturbance of the peace, which are cognizable by justices of the peace, and in relation to which the jurisdiction of said court shall be concurrent with them; and the said court shall have concurrent jurisdiction with the police court of the city of St. Louis of all offenses which may be declared to be misdemeanors under any law of the State, and which may also be in violation of any ordinance of the city of St. Louis: *Provided*, that any action pending or which has been decided in either of said courts may be pleaded in bar or abatement, as the case may be, to a prosecution in the other of said courts for the same offense, with the like effect as if said prosecution were pending in the same court, or had been decided in the same court: *Provided*, that this law shall not be so construed as to give to said police court jurisdiction of any prosecution for a misdemeanor instituted in the name of the State of Missouri. . . ."

■ Section 35 of the amended Act of 1869 is now Section 14666, Revised Statutes 1929. It is therein provided that a person convicted of a misdemeanor in said court shall be sentenced to hard labor in the city workhouse for not more than six months. We have held that part of said section limiting imprisonment in the workhouse to six months unconstitutional. It is in conflict with general laws on the subject. Punishment for like offenses must be uniform throughout the State. [In re Wm. W. Jilz, 3 Mo. App. 243; Ex parte Thomas, 10 Mo. App. 24; In re Jos. Lorkowski, 94 Mo. App. 623, 68 S. W. 610; State v. Buchardt, 144 Mo. 83, 45 S. W. 150.]

However, in 1877, by general law, provision was made for the imprisonment of persons convicted of misdemeanors in any workhouse belonging to a city separated from the county. [Laws 1877, p. 238.] Section 1 of that act is now Section 3731, Revised Statutes 1929, and Section 2 of that act is now Section 3732, Revised Statutes 1929, which sections follow:

"Sec. 3731. Whenever any person shall, because of a conviction for any misdemeanor or felony, be subject to imprisonment in a county jail, such person may, at the discretion of the court, be confined in any workhouse or other place of imprisonment belonging to any town or city in such county, or in any incorporated city from which said county has been separated by law: *Provided*, the county court of such county shall have contracted or agreed with the town or city owning such workhouse or other place of confinement for the custody and keeping of such convicts; and cities or towns having no workhouse or houses shall have authority to work convicted per-

sons on the streets, bridges or other public works in such city or town."

"Sec. 3732. All persons committed to any workhouse or other places of confinement under the provisions of the foregoing section shall be imprisoned for the full term of their sentence, unless sooner discharged by due course of law."

It follows that the jurisdiction of said court of criminal correction is not limited to misdemeanors, for the violation of which the punishment is six months or less.

Petitioner cites State ex rel. v. Landwehr, 332 Mo. 622, 60 S. W. (2d) 4, l. c. 5. In that case our attention was not directed to the conflict of Section 14666 with the general laws on the subject of punishment.

The petitioner should be remanded to the custody of the superintendent of the workhouse of the city of St. Louis. It is so ordered. All concur.