Matter of Charles Edward THOMAS.

Charles Edward THOMAS, Petitioner,

v.

William BOEGER, Warden, City Jail, City of St. Louis, Missouri, Respondent.

No. 29978.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1957.

Joseph Noskay, St. Louis, for petitioner.

James V. Frank, City Counselor, St. Louis, Alvin J. McFarland, Associate City Counselor, St. Louis, for respondent.

HOUSER, Commissioner.

Charles Edward Thomas filed in this court a petition for a writ of habeas corpus to obtain his discharge from the City Jail of the City of St. Louis. The writ was granted. the warden of the city jail made his return and petitioner filed his answer to the return.

The facts: On March 28, 1957, the case of State of Missouri v. Charles Edward Thomas was tried to the court in The St. Louis Court of Criminal Correction, Division No. 1. Petitioner was convicted by

the court of the offense of Stealing under $50, a misdemeanor, and was sentenced to imprisonment in the City Jail of the City of St. Louis for a term of six months. The City of St. Louis maintains a city jail and a city workhouse. At the time of the filing of his petition for a writ of habeas corpus on September 9, 1957 petitioner had served all but nineteen days of his sentence. Petitioner is now in the custody of the Warden of the City Jail of the City of St. Louis by virtue of the order, judgment and commitment of the court of criminal correction. During his incarceration petitioner has been a "trusty" and has acted as a tier manager or supervisor in the city jail. The duties of a tier manager or supervisor are to see to it that a tier of cells is kept in proper condition, clean and in order in keeping with the rules and regulations of the city jail. As a prisoner petitioner has conducted himself in a peaceable and orderly manner.

Two issues are raised:

1. Did the court have jurisdiction to sentence petitioner to imprisonment in the *city* jail? If § 479.270 [1] applies petitioner should have been sentenced to the city *workhouse* and not to the city jail. Section 479.270, first enacted in Laws 1869, p. 199, is a special statute, local in its nature, relating only to The St. Louis Court of Criminal Correction. On the other hand, if § 546.880 applies petitioner properly could have been sentenced either to the city workhouse or to any other place of imprisonment belonging to the city and therefore, presumably, to the city jail. Section 546.-880, first enacted in Laws 1877, p. 238, is a general statute relating to all courts authorized to mete out jail sentences for the commission of misdemeanors. Sentencing to the workhouse is mandatory under § 479.-270, optional under § 546.880.

Ordinarily, a special or local law is not to be considered repealed by a general law upon the subject, State v. Fitzporter, 17 Mo. App. 271, but that rule is inapplicable where, as in this instance, the two are in irreconcilable conflict, or are patently inconsistent, O'Malley v. Prudential Casualty & Surety Co., 230 Mo.App. 935, 80 S.W.2d 896, and the legislative intention to supersede the local law and to prescribe one single authoritative rule which shall govern in all cases is made clearly manifest. State v. Bennett, 102 Mo. 356, 14 S.W. 865, 10 L.R.A. 717; State ex rel. McDaniel v. Schramm, 272 Mo. 541, loc. cit. 564, 199 S.W. 194. That § 546.880 was intended to apply to the City of St. Louis is not to be doubted. By its very terms it applies to "any incorporated city from which said county has been separated by law" (words which are applicable to no other city in the State). In 1902 this court indicated that this statute applies to St. Louis In re Lorkowszki, 94 Mo.App. 623, loc. cit. 630, 68 S.W. 610, loc. cit. 612:

"That the city of St. Louis is included in this general scheme is apparent from the language of section 2685 (R. S.1899, now § 546.880), whereby its provisions are made to apply to any incorporated city which has been separated by law from a county. St. Louis is the only city in the state so separated, and we must conclude that it was in the minds of the legislators when they voted upon and passed these sections. These provisions, being general in their character, and enacted after the passage of articles 18 and 21, relating to the house of refuge and the St. Louis court of criminal correction, supersede them, and, by implication, repeal so much of these articles as is inconsistent with the general statutes relating to the same subject-matter." (Italics ours.)

We rule that § 479.270 has been repealed by implication and superseded by § 546.880. Accordingly, The St. Louis Court of Criminal Correction, Division No. 1, had jurisdiction to sentence petitioner to the city jail and he should be remanded to the warden,

---

1. All references to sections relate to RSMo 1949, V.A.M.S. unless otherwise indicated.

unless he is otherwise entitled to a discharge. This raises the second issue:

■ **2.** Is petitioner entitled to a discharge on the ground that he has, in a peaceable and orderly manner, served three-fourths of the time for which he was sentenced? Petitioner claims that he is so entitled under § 221.180(4) which provides:

"Any prisoner required to work as provided in this section, who serves three-fourths of the time for which he may have been sentenced in an orderly and peaceable manner, shall be discharged in the same manner as if the prisoner had served the full time for which sentenced."

Section 221.180(1) authorizes *county courts,* in their discretion, to cause prisoners in the county jail to be put to work and perform labor on the public roads and highways and other public works or buildings for the purposes they may deem necessary. Section 221.180 had its origin in Laws 1881, p. 125, which authorized and empowered county courts to cause jail prisoners to work on the public roads or to break rock for macadamizing purposes, to procure ground on which prisoners could work out the full number of days for which they were sentenced by breaking rock, and authorized the sheriff to sell the rock to cities or towns or turn it over to the overseer of roads for use on the public roads. By Laws 1883, p. 82, county courts were authorized, in their discretion, to order the sheriff or marshal to cause such persons to be put to work and perform labor on the public roads and highways, turnpikes, or other public works or buildings of said county for such purposes as they may deem necessary. These sections and their successors appeared in the 1889, 1899, 1909, 1919, 1929 and 1939 revisions of the statutes in the chapters or articles pertaining to County Courts or Courts of Record. In the 1949 revision of the statutes § 221.180 appeared for the first time under the classification "Jails and Jailers," Chapter 221. By Laws 1901, p. 125, the "10 or more" proviso was introduced, making it no longer discretionary but obligatory on county courts to cause such persons to perform such work when ten or more persons were confined in the county jail (a provision which persisted in the law until it was repealed by Laws 1955, p. 346). Subsequent §§ 221.190 to 221.220, both inclusive, authorize the sheriff to sell broken rock or turn it over to the overseer of roads for use "to the best advantage of the public roads," provide for the employment by the county court of guards to take charge of prisoners working as provided in § 221.180 and for their compensation, and impose upon the road overseers or road commissioners of every road district or township of the state the duty to direct the work of such prisoners when so ordered by the county court.

Section 479.280, first enacted in Laws 1869, p. 199, provides that every person committed by the court of criminal correction to the workhouse, or other place of punishment provided by the city, "shall be put to hard labor at such work as his or her strength and health will permit, whether within or without such place of imprisonment, and shall be under the control and management of those having charge of such prison, subject to such rules and regulations as the municipal assembly of St. Louis city may establish for such prisons, * * *."

Section 71.220, appearing in Chapter 71, Provisions Relative to All Cities and Towns, authorizes and empowers the various cities of the state, whether organized under special charter or under the general laws, by ordinance to cause persons convicted and sentenced by the city authorities for violation of *city ordinances* to be put to work and perform labor on the public streets for such purposes as the city may deem necessary.

Considering the language of § 221.180 and the legislative history of that section, and the other laws relating to the performance by prisoners of work and labor upon public projects, we are of the opinion that § 221.180 has no application to the City of

St. Louis, and that it does not repeal § 479.-280 by implication. Neither in § 221.180 nor in any of its prior enactments is there any language (such as appears in § 546.880) indicating a legislative intention that it apply to the City of St. Louis. As stated in State v. Fitzporter, supra, 17 Mo.App. loc. cit. 274:

"We are unable to find in this general law, or in the course of legislation upon its subject matter, any intimation of a legislative intention to disturb the existing local regulations provided in this connection for the city of St. Louis and its court of criminal correction, although the general law is the later in its date of passage."

We do not conclude, as did this court In re Lorkowszki, supra, that the reference to the City of St. Louis in § 546.880 (then § 2685, R.S.Mo.1899) indicates a legislative intent to apply § 221.180 (then §§ 1792, 1793, R.S.Mo.1899) to the City of St. Louis, and to that extent we overrule In re Lorkowszki, supra. Nor are we bound by § 1.080 to construe the words "county" or "county courts" occurring in § 221.180 to include the municipal assembly of the City of St. Louis, because such a construction would be inconsistent with "a law specially applicable to such city," namely, § 479.280, which outlines the circumstances and manner in which prisoners committed by the court of criminal correction to the workhouse or other place of punishment provided by the city shall be put to hard work, namely, at such work as health and strength permit, under the control and management of the prison keepers "subject to such rules and regulations as the municipal assembly of St. Louis city may establish for such pris-

ons." While from the stipulation of facts it may be inferred that the work done by petitioner as an inmate of the city jail has been done in accordance with rules and regulations established by the board of aldermen, there is nothing in the record or stipulation to show that petitioner is entitled to a discharge under said rules and regulations or under any ordinance of the city. Under § 479.280 the only allowance for work done by prisoners is an allowance at the rate of $1 per day where the punishment inflicted is a fine and the party committed is unable to pay the fine and costs. Neither § 479.280 nor any other section in Chapter 479 relating to the court of criminal correction, nor any other applicable statute, nor (so far as this record discloses) any "rules or regulations established by the municipal assembly of St. Louis city" as contemplated by § 479.-280 or applicable city ordinance gives a prisoner committed to the St. Louis city jail a right to a discharge at any time short of the full term of his sentence, on account of the performance of hard labor.

Accordingly, petitioner should be remanded to the Warden of the City Jail to serve the remainder of his sentence, unless sooner discharged by law, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court, and pursuant thereto Charles Edward Thomas is remanded to the custody of William Boeger, Warden of the City Jail of the City of St. Louis.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.