## CHARLES W. PATTEN

*v.*

## THE CITY OF CENTRALIA,

1. KEEPING OPEN A TIPPLING HOUSE—*what constitutes.* Where an ordinance prohibits keeping open any tippling house on Sunday, merely opening the door of a tippling house on Sunday, would not constitute the offence aimed at by the ordinance;—to constitute the offense, it must be kept open, as on other days, for tippling purposes.

2. TIPPLING HOUSE—*defined.* To constitute a tippling house, it is necessary intoxicating drinks should be sold therein.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action brought by the city of Centralia, against Charles W. Patten, for an alleged violation of a city ordinance, in keeping open a tippling house on Sunday. A trial before a police magistrate of the city resulted in a verdict of guilty, and judgment was entered against the defendant for $10 fine, and costs of suit. The defendant appealed to the circuit court, and upon trial of the cause there,

the jury found a verdict of guilty, and assessed the fine at $40. The defendant entered a motion for a new trial, upon the ground that the verdict of the jury was contrary to law and the evidence, which was refused, and judgment entered upon the verdict.

The defendant appeals to this court, and assigns for error, the instructions given for the plaintiff, and the refusal to give instructions asked for by the defendant, and the giving the instructions asked for by the defendant, as modified by the court, and asks that the judgment be reversed.

Messrs. CASEY, DWIGHT & STOKER, for the appellant.

Messrs. BATES, SANDERS & SCHAFFER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This judgment must be reversed, for the reason that the instruction given by the court on behalf of the prosecution makes the offense to consist in merely opening the saloon, when the ordinance under which the prosecution was instituted provides, if any person shall keep open any tippling house on the Sabbath day or night, every person so offending shall, on conviction, be fined, etc. Merely opening the door of a tippling house on Sunday would not constitute the offense aimed at by this ordinance. It must be kept open, as on week days, for tippling purposes, and nothing of that kind was proved in the case.

It was erroneous, also, to modify defendant's second instruction. As asked, it was as follows: Unless you are satisfied from the evidence that the room called the saloon was a place where the defendant kept spirituous liquors for sale by the small quantity, you should find the defendant not guilty.

The court modified this instruction by adding after the words, spirituous liquors, the words, " or other drinks." By

this instruction, as modified, if soda water, sarsaparilla, or any other cooling or refreshing drink, not spirituous, were sold, the vendor could not escape conviction.   He would be equally liable to punishment with the vendor of whiskey or other spirituous beverages.   Such is not the law.

To constitute a tippling house, it is necessary that intoxicating drinks should be sold therein.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*