## JEFFRIES V. STATE.

1. LIQUORS: *Sales by manufacturers of wine.*

By section 15 of the license act of March 8, 1879, " one who manufactures and sells wines from grapes, berries or other fruits, and who sells no other liquors," is exempted from all the provisions of said act, and is therefore liable neither to the penalty fixed by section 5 for selling without a license, nor to that imposed by section 14 for keeping a drinking saloon or dram-shop without a license.

2. SAME: *Same.*

Such manufacturer may sell as well through clerks or agents as by contracts made with himself personally.

APPEAL from *Woodruff* Circuit Court.

M. T. SANDERS, Judge.

Defendant was indicted for keeping a dram-shop without a license.

His defense was that he only sold, as agent for the Standard Wine Company, wine manufactured by said company in quantities not less than a quart, and in sealed bottles. The proof shows that some young men came into his store and bought a quart bottle of wine. They proceeded to open the bottle and drink the wine in the store. Defendant objected to their drinking the wine upon the premises or in the house. He said that it was against his rules, and there was a sign posted over the door to the effect that it was against his rules to drink wine on the premises. He afterwards sold them six or seven bottles, and made no further objection to their drinking in his store. They drank the wine in the back room of defendant's store. The defendant was convicted and appealed.

Section 1 of the act of March 8, 1879, provides that it shall not be lawful "for any person to sell any ardent, vinous, malt or fermented liquors  *  *  *  in any quantity or for any purpose  *  *  *  without first procuring a license from the County Court." A proviso to this section allows manufacturers of such liquors to sell them in original packages.

containing not less than five gallons. Section 5 of the act fixes the penalty for the sale prohibited by section 1. Section 14 of the same act is as follows: "Any person who shall keep a drinking saloon or dram-shop, without procuring a dram-shop or drinking saloon license, as provided by this act shall be deemed guilty of a misdemeanor, and on conviction shall be fined in any sum not less than $200, nor more than $500; and each day or part thereof the same is kept shall be deemed a separate offense."

Section 15 of the same act is as follows: " This act shall not be held to apply to one who manufactures and sells wines from grapes or berries, or other fruits, and who sells no other liquors, ardent, malt, vinous or fermented."

*J. W. House*, for appellant.

1. It was lawful to sell native wine manufactured by the seller, in sealed quart bottles. *Act March 8, 1879; 50 Ark., 132.* The proof shows that appellant was not keeping a dram-shop. He was merely acting as agent of the Standard Wine Company, who were manufacturers, and he *forbid* the drinking on the premises. This was all he could do. *24 Tex., 152; 49 Ark., 63.*

He was authorized to sell and it was immaterial whether the wine was drunk on the premises or carried off and drunk. *4 S. E. Rep., 257.*

Selling in quart bottles, sealed, does not constitute a dram-shop.

Under section 15 of the act, appellant is exempt from *all* the provisions of the act, even if he sold the wine by the drink.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford*, for appellee.

Review the liquor laws and contend that appellant has not brought himself within the protection of section 15 of the license act, because, the dram-shop was not shown to belong

Jeffries v. State.

to a manufacturer, and the drinking on the premises made appellant guilty of keeping a dram-shop. *Rev. St., ch. 148, sec. 2; act March 8, 1879, secs. 1, 14, 15, etc.; 6 Ark., 252, 35.*

The statute makes no exceptions in favor of the agent of a manufacturer. Only the manufacturer is exempt. *15 Pet., 165; 51 Ark., 100; 101 Ill., 129.*

Section 15 act 1879 does not permit the keeping of a dram-shop, even where the wines sold are exclusively of the vendor's manufacture. If he desires to keep a dram-shop, he must take out a license.

PER CURIAM. But three questions arise upon this record:

SALE OF WINES.

1st. Can a manufacturer of wine sell only by his personal contracts and deliveries, or may he sell through clerks and agents?

2d. Does section 15 of the act of March 8, 1879, exempt the manufacturer and seller from the operation of the fourteenth section of that act, as well as from that of section 1?

3d. Does the evidence show that defendants kept a dram-shop?

Upon the first we hold that, as in all other commercial transactions, the manufacturer may sell by his agents.

Upon the second, we hold that by section 15 of said act the manufacturer of wine, who sells no other liquors, is exempted from the operation of the entire act.

As this disposes of the cause it is unnecessary to decide the third question.

Reverse and remand.

COCKRILL, C. J., dissenting. The license act of 1879 creates two offenses. One is the unlicensed selling of liquor, and the other, keeping a "drinking saloon or dram-shop," without license. The fifteenth section provides that "this act shall not be held to apply to one who manufactures and sells wines from grapes or berries or other fruit, and who sells no other liquors, ardent, malt, vinous or fermented."

Does this provision exempt the wine manufacturer from the penalties denounced against both offenses, or against that of selling alone? The answer must be drawn from the language of the act and the mischief to be suppressed. *McRae v. Holcomb, 46 Ark., 310–11.*

The object of the fifteenth section, as we found in an examination of the subject in *Chamberlain v. State, 50 Ark., 132,* was to encourage the planting of vineyards and the manufacture of wine. To accomplish the object it was necessary to allow the manufacturer to sell the product of his vines; but it was not essential to his business that he should be empowered to keep a dram-shop. Accordingly, we find that the act does not provide simply that it shall not apply to one who manufactures wines. A general provision of that nature would have left no doubt of the intent of the law makers to exempt the manufacturer from liability from all the penalties of the act. But it is argued that the drinking saloon, or dram-shop keeper sells, and therefore that he is in terms excepted from all the penalties of the act. To that argument there are two answers.

In the first place it requires no sale of liquor to constitute a drinking saloon. Dram drinking may be and often is accomplished without price, as by giving away liquor. If it is to be drunk then and there, the place where that is habitually done would be a drinking saloon. Such a contingency is no more unlikely than that a free ferry should be run as an adjunct to a whisky business, as we found had been done, in *Shinn v. Cotton, ante, p. 90.* A free drink is as likely to be offered as a free ride, as an attraction to customers. In *Minor v. State, 63 Ga., 319,* a place where the members of a social club dispensed their liquors among themselves, without selling it, was held to be a tippling house. In this State it has been frequently ruled that one may be guilty of keeping a dram-shop without proof of a sale, as under the old law against unlicensed groceries construed in *Hensley v. State, 6 Ark., 252;* and in *Moore v.*

*State, 36 Ark., 222.   Patton v. City, 47. Ill., 370.*   The statute under consideration declares that each day the dram-shop is kept, shall be considered a separate offense, but it may be kept without an actual sale on each day.   Selling without a license does not alone constitute the offense of keeping a drinking saloon or dram-shop—even habitual selling to the extent of carrying on business as a liquor seller is not enough. *State v. Inness, 53 Me., 539.*   Each is a distinct offense against the law, but in neither case is the offender punished for keeping an unlicensed dram-shop.   The latter offense is distinct from each of the others, and the sale of liquor, when offered in evidence to sustain a conviction, is at most only one of the constituent elements of the offense.   It is not itself the offense. The absurdity of pronouncing one guilty of keeping a drinking saloon, if it is kept for some purpose other than or without the sale of liquor, and not guilty if kept to sell liquor, or by selling, is not to be attributed to the Legislature.   And yet, as the act professes to exempt only the manufacturer of wine who sells, that is the logical reduction of the appellant's contention.

The second reason to be assigned against the argument is, that it is but fair to presume, that the Legislature used the word " sell " in the fifteenth section in the same sense given to it in all the other sections of the act.   That being true, it would follow that when it is declared in that section that the act shall not apply to one who sells wine of his manufacture, exemption from the penalties denounced against selling only were in contemplation.   By no other construction is any meaning at all given to the clause " and sells," for if it is omitted altogether, the section would have the meaning the court now holds it has with it.   But the rules of construction, which the courts adopt as guides to the legislative intent, require that some meaning should be given these words.

Believing that the exemption claimed by the appellant is not within the letter of the exception, and not within the evil

it was intended to relieve against, I think the judgment should be affirmed.