THE STATE v. ROWLEN, *Appellant.*

Division Two, March 14, 1893.

1. **Criminal Law**: FORGERY: INDICTMENT. An indictment for the forgery of a deed which follows the language of the statute defining the offense and sets out the forged instrument according to its purport is sufficient, without alleging any intent on the part of tho accused to defraud any particular person.

2. ———: ———: EVIDENCE. The evidence in this case examined and *held*, sufficient to support a conviction of the forgery of a quitclaim deed.

*Appeal from Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*Harry L. Strohm* for appellant.

(1) The court should have sustained appellant's motion to quash the indictment. In all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation. (Bill of Rights, sec. 22.) In indictments for felonies greater strictness is required than for misdemeanors. *State v. Pemberton*, 30 Mo. 376. Yet in misdemeanors, where the cause of the prosecution is a written instrument, such as libel or obscene literature and the like, a copy of the instrument must be set out. *State v. Hayward*, 83 Mo. 299. Modern legislation in removing technicalities from the indictment have not dispensed with the substance, and an indictment must contain all the substantial averments of a good indictment at common law. *State v. Ross*, 25 Mo. 426; *State v. Holden*, 48 Mo. 93; *State v. Evers*, 49 Mo. 542; *State v. Keel*, 54 Mo. 182; *State v. Howerton*, 59 Mo. 91. "So important are the neces-

sary allegations in an indictment to give full notice of the offense, that the legislature cannot dispense with it." *McLaughlin v. State*, 45 Ind. 338; *Lindringham v. State*, 49 Ind. 186. The act of the legislature under which this indictment is drawn (Revised Statutes, 1889, sec. 4108) is in violation of the Bill of Rights, section 22, and is void, so far only as it attempts to dispense with setting out more clearly an alleged forged instrument. *State v. Clay*, 100 Mo. 571. The indictment is bad for repugnancy, charging in one place the forgery of a deed, and in another a "quitclaim deed of release," both referring to the same instrument. The mortgage must be set out in the indictment to inform the court of the legal effect of a release of the same. *State v. Henderson*, 15 Mo. 486. (2) The court should have sustained the appellant's demurrer to the evidence. The said real estate being in the state of Kansas, delivery of a deed is necessary to complete it. "A deed undelivered is no deed." *Mitchell v. Skinner*, 17 Kan. 565. "A deed takes effect from its delivery only." *Railroad v. Owen*, 8 Kan. 409; *Railroad v. Orr*, 8 Kan. 419; *Clark v. Akers*, 16 Kan. 166; *Harrison v. Andrews*, 18 Kan. 536. No evidence was introduced to prove the delivery of said alleged forged deed in the state of Missouri, or that it was ever in the possession of the appellant. (3) The court should have permitted appellant to amend his motion for a new trial, and should have granted the motion. (4) The motion in arrest of judgment should have been sustained for the reasons therein set out.

*John M. Wood*, Attorney General, for the State.

(1) "The indictment is sufficient; it charges the offense in the language of the statutes, sets forth the instrument according to its 'purport,' and it was not

necessary to its validity to charge that there was an intent on the part of the defendant to defraud any particular person." *State v. Rucker*, 93 Mo. 89; Revised Statutes, sec. 3626; *State v. Fisher*, 65 Mo. 437; Wharton's Precedents, sec 264, *et seq.; State v. Pullens*, 81 Mo. 387; *State v. Eades*, 68 Mo. 150; *State v. Phillips*, 78 Mo. 49; *State v. Yerger*, 86 Mo. 33. (2) The objection of the defendant to the introduction of any evidence "because said indictment did not state a public offense," was properly overruled; the sufficiency of the indictment cannot be decided in this way. *State v. Risley*, 72 Mo. 609. (3) Possession of the mortgage instrument in the county in which the indictment was found is considered evidence that it was committed in that county. *State v. Rucker*, 93 Mo. 88. The testimony in this case shows very clearly that a forgery was committed in Jackson county. It is immaterial where the land was situated. The question whether he forged the deed on its face will have the effect to defraud those who may act on it as genuine, or the person whose name is forged. *State v. Eades*, 68 Mo. 152.

BURGESS, J.—Defendant was convicted at the September term, 1891, of the criminal court of Jackson county of forgery in the first degree, and his punishment fixed at ten years imprisonment in the penitentiary.

The indictment is as follows:

"STATE OF MISSOURI, } In the Criminal Court of
                         } ss.  Jackson County, Missouri,
                         }      at Kansas City, Missouri,
"County of Jackson. }      January Term, A. D. 1891.

"The grand jurors for the state of Missouri, in and for the body of the county of Jackson, upon their oaths, present that Frank S. Rowlen, late of the county aforesaid, on the twenty-second day of April, 1889, at

the county of Jackson, state aforesaid, unlawfully and feloniously did falsely make, forge and counterfeit a certain deed, purporting to be the act and deed of one Stephen Rosner, by which the right and interest of the said Stephen Rosner, in and to certain real estate, to-wit, the southeast quarter (1-4) of section number five (5), and the north half (1-2) of the northwest quarter (1-4) of section nine (9), township number twenty (20), in the county of Pawnee and state of Kansas, purports to be transferred and conveyed to him, the said Frank S. Rowlen, Amanda C. Rowlen, his wife, and releasing the above described land from a certain mortgage then and there owned and held by the said Stephen Rosner; which said false, forged and counterfeit deed is of the purport, effect and value following, to-wit, the same being in the likeness and similitude of a good and sufficient quitclaim deed of release, dated on the twenty-second day of April, A. D. 1889, and executed, signed, sealed, acknowledged and delivered in due form and manner of law as a quitclaim deed of release by Stephen Rosner of the county of Jackson and state of Missouri, whereby the said Stephen Rosner, on the twenty-second day of April, A. D. 1889, in consideration of the sum of $1,500 to him paid by Frank S. Rowlen and Amanda C. Rowlen of the county of Anderson, in the state of Kansas, remised, released and forever quitclaimed unto the said Frank S. Rowlen and Amanda C. Rowlen, the following described real estate, that is to say, the following described lots, tracts and parcels of land lying, being and situate in the county of Pawnee and state of Kansas, to-wit, the southeast quarter (1-4) of section number five (5) and the north half (1-2) of the northwest quarter (1-4) of section number nine (9), township number twenty (20) range number twenty (20) (a more particular and exact description of said false,

forged and counterfeited deed these jurors are unable to give) with intent then and there and thereby unlawfully and feloniously to defraud, against the peace and dignity of the state.''

Defendant filed a motion to quash the indictment, because it does not state facts sufficient to notify defendant of the charge against him, which was overruled. After the state had closed its case defendant interposed a demurrer to the evidence which was also overruled. After conviction defendant filed his motion for a new trial and in arrest, which being overruled, he appeals to this court.

I. The indictment is sufficient; it charges the offense in the language of the statute, and sets forth the instrument forged according to its purport, and there was no necessity for alleging that there was any intent on the part of the defendant to defraud any particular person. Revised Statutes, 1889, sec. 3626; *State v. Rucker*, 93 Mo. 89; *State v. Fisher*, 65 Mo. 437; *State v. Pullens*, 81 Mo. 387; *State v. Eades*, 68 Mo. 150; *State v. Phillips*, 78 Mo. 49; *State v. Yerger*, 86 Mo. 33.

II. The court gave four instructions at the instance of the state and two on the part of the defendant, which taken as a whole presented the case fairly to the jury, and they were certainly as favorable to the defendant as he could ask or expect.

III. The forged instrument was a deed of quitclaim or release of a mortgage which had been given by defendant and wife to one Stephen Rosner on a tract of land in Kansas, to secure the payment of two promissory notes, one for $700 and the other for $600, held by Rosner on defendant, and was acknowledged before Henry P. Scott, a notary public of Jackson county, Missouri, at his office in Kansas City, Missouri, on the twenty-second day of April, 1889. Scott testified that

the defendant was present at the time, and introduced a man whom he did not know as Stephen Rosner, and at defendant's request witness took his acknowledgment and attached his certificate to the deed, supposing that he was Rosner, but afterwards ascertained that he was not.

It is true that defendant in his evidence denied that the deed was executed by his procurement, or that he was in Scott's office at the time, but he did not deny being in Kansas City on that day. In fact the evidence shows beyond question that he was in the city at the time and remained there for two or three days. The evidence establishes the guilt of defendant beyond the possibility of a doubt, and being unable to find any reversible error in the trial of the cause or in the record, the judgment is affirmed. All of this division concur.