CITY OF LOUISIANA, Appellant, v. GEORGE AN-
DERSON, Respondent.

St. Louis Court of Appeals, March 31, 1903.

1. **Dramshop:** OPEN ON SUNDAY: ORDINANCE: COMPLAINT, SUFFICIENT. It is generally sufficient to charge a statutory crime in the language of the statute when the proceeding is by indictment, and less particularity of pleading is required in prosecutions under a city ordinance, which are in the nature of civil actions as to the rules of pleading that govern.

2. ———: ———: ———: LAW AGAINST SUNDAY OPENING. The policy of the law of this State, is to prevent saloons from being kept open on Sunday regardless of whether liquor is sold in them or not, and municipalities are authorized to aid the State in carrying out this policy.

3. ———: ———: ———. The ordinance in question leaves no doubt that the purpose of the city of Louisiana was to do more than prohibit sale of liquor; namely, to force saloons to close on Sunday, which it had a right to do.

4. ———: ———: ———: OPENING ON SUNDAY MAY BE LAWFUL, WHEN. It is no crime for the proprietor to open his saloon on Sunday for some necessary purpose, and courts that hold complaints like this one good, will also hold that merely opening the saloon door to pass in and out, is no offense.

Appeal from the Louisiana Court of Common Pleas—
*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*James W. Reynolds* for appellant.

(1) Prosecutions of this character are civil actions and the rules of pleading and procedure in civil cases must be applied to them. City of Savannah v. Dickey, 33 Mo. App. 522; Stephens v. K. C., 146 Mo. 460; In re Miller, 44 Mo. App. 125-148; St. Louis v. Vert, 84 Mo. 204; St. Louis v. Knox, 74 Mo. 79; St. Louis v. Hollowell, 74 Mo. 395; Kansas City v. Clark, 68 Mo.

588. (2) Defendant is only entitled to be informed of the ordinance he violates. St. Louis v. Weitzel, 130 Mo. 600; DeSoto v. Brown, 44 Mo. App. 148. As he did not violate the sections that prescribed the penalty, it is not necessary to plead them. An ordinance that is not the basis of the action or complaint need not be pleaded to be introduced in evidence. Robertson v. Railroad, 84 Mo. 119; Judd v. Railroad, 23 Mo. App. 56.

*Pearson & Pearson* for respondent.

(1) The petition, or complaint, must be sufficiently definite to advise the defendant, with reasonable certainty, of what offense he is charged, or called upon to answer. Memphis v. O'Connor, 53 Mo. 468; St. Joseph v. Harris, 59 Mo. App. 122; St. Louis v. Frein, 9 Mo. App. 590; St. Louis v. John Smith, 10 Mo. 438; Springfield v. Ford, 40 Mo. App. 586. (2) The ordinance makes the keeping open of a dramshop unlawful only when it is kept open for an unlawful purpose, and if the plaintiff expects to successfully prosecute this defendant under that ordinance, it must charge and set up in the complaint for what purpose the saloon was being kept open. The offense is in the purpose, not in the keeping open.

GOODE, J.—Respondent George W. Anderson was complained against under an ordinance of the city of Louisiana for keeping his saloon open on Sunday, convicted and fined; but the court arrested the judgment because of the supposed insufficiency of the complaint, which was as follows:

"City of Louisiana, Plaintiff, v. George W. Anderson, Defendant.—In the Recorder's Court.

"The city of Louisiana complains of George Anderson for the violation of section 21 of chapter 9 of the Revised Ordinances of said city, approved the first day of September, 1896, said chapter being entitled 'Dramshop, Beer, and Wine Saloons' in this, to-wit:

"That said George Anderson did on Sunday and between the hours of twelve o'clock (midnight) Saturday, July 26, 1902, and twelve o'clock (midnight) Sunday, July 27, 1902, keep open his wine and beer saloon on Main street in said city. That during said times the said George Anderson and B. A. Pappenfort were the owners and keepers of the aforesaid saloon under the firm name of Anderson & Pappenfort within the corporate limits of said city, whereby the said George Anderson became indebted to the said city in the sum of ninety dollars for which and the costs of suit said city asks judgment.        "JAMES W. REYNOLDS,

"City Attorney for the said City of Louisiana."

This is the ordinance violated:

"It shall be unlawful for the keeper of any dramshop, wine or beer saloon, or any person for him, to keep open his or her dramshop, wine or beer saloon in this city between the hours of twelve o'clock (midnight) Saturday, and twelve o'clock (midnight) Sunday, for the purpose of washing or otherwise cleaning out said dramshop, wine or beer saloon or for any other purpose whatever."

The penalty for a violation of said ordinance is prescribed in the following section:

"Whenever any person or persons shall be convicted of the breach of any ordinance in this city no penalty being fixed for the violation of the same, it shall be lawful for the court or jury convicting such person or persons to fine him or them in a sum not less than one or more than ninety dollars and costs."

The testimony showed that Anderson's saloon had two entrances on Main and one on Georgia street and that on a certain Sunday morning one of the Main street entrances was open, he was in the saloon and behind the bar selling whisky to men.

The complaint is said to be insufficient because it does not state the purpose for which the saloon was kept open. It charged the offense in the language of

the ordinance, and that is sufficient. In fact, it is generally sufficient to charge a statutory crime in the language of the statute when the proceeding is by indictment; and less particularity of pleading is required in prosecutions under a city ordinance, which are in the nature of civil actions as to the rules of pleading that govern. DeSoto v. Brown, 44 Mo. App. 148; State v. Knox, 74 Mo. 79; State v. Wetzel, 130 Mo. 600; Stevens v. Kansas City, 146 Mo. 460.

It is the policy of the law in this State to prevent saloons from being kept open on Sunday regardless of whether liquor is sold in them or not. We have two statutes on this subject which, in terms, prohibit dramshops from being kept open and also prohibit the sale or giving away of liquors on Sunday. R. S. 1899, secs. 2243, 3011. Municipalities are authorized to aid the State in carrying out this policy, and under their power to regulate dramshops, may enact ordinances to prevent them from being open; because, when open, sales of liquor are apt to occur in them; and besides, they frequently become loitering places for noisy and dissolute persons, to the encouragement of bad morals. The ordinance in question leaves no doubt that the purpose of the city of Louisiana was to do more than prohibit sales of liquor; namely, to force saloons to be closed on Sunday; and it had a right to prescribe such a rule in the interest of the due observance of that day. Of course the decisions on this question vary somewhat according to the language of the ordinance or statute construed and the end sought by it; but complaints and indictments for the offense of keeping open dramshops on Sunday exactly like the one before us have been held good generally, even when attacked before verdict. Hall v. State, 3 Ga. 18; Croer v. People, 78 Ill. 294; Fant v. People, 45 Id. 259; People v. Waldvogel, 49 Mich. 337; People v. Cox, 70 Mich. 247.

Respondent's counsel argues that this construction of the law would make it a crime for a saloon-keeper to

open the door of his saloon on Sunday for any purpose; for instance, to enter on some necessary errand; but this is sophistry. Courts are supposed to construe the law with some common sense and enforce public measures according to their intent and purpose. Tribunals which hold complaints like this one good, hold also that merely opening the door to pass in and out is no offense. Patten v. Centralia, 47 Ill. 370; People v. Menter, 59 Mich. 557. Opening the door of a saloon by the proprietor merely to go in on some errand would not be keeping the place open; hence, not within the language, much less the spirit of the ordinance. If the opening was for such a purpose the fact can be shown in defense of a prosecution.

As this complaint charged the offense in the very language of the ordinance, and with sufficient certainty to apprise the defendant of what he was called on to meet, we think it was good.

The judgment is, therefore, reversed and the cause remanded with the direction that the order sustaining the motion in arrest be vacated and set aside, and the judgment as originally entered be reinstated. *Bland, P. J.,* and *Reyburn, J.,* concur.