## STATE OF MISSOURI, Respondent, v. R. P. ALSUP, Appellant.

### Springfield Court of Appeals, December 6, 1909.

1. CRIMINAL LAW: False Census Returns: Information Following Words of Statute. Information charging defendant with making a false census return and violating section 6300, Revised Statutes of 1899, which follows the words of the statute, is sufficient.

2. ———: Circuit Courts: Jurisdiction: False Census Return. Under section 6300, Revised Statutes of 1899, it is a misdemeanor to make a false return to a census, and the circuit courts have jurisdiction to hear and determine the case.

3. ———: Misdemeanors: Jurisdiction. The circuit courts and the justices of the peace have jurisdiction to hear and determine informations for misdemeanors in violation of the State law, while the mayor or police judge in cities of the fourth class have jurisdiction only to hear and determine complaints for violation of the city ordinances.

4. ———: Circuit Courts: Special Judge: Judicial Power. A special judge is clothed with all the judicial power, functions and duties of a regular judge under section 2597, Revised Statutes of 1899, and may adjourn court for the trial of the cause, without the consent of the regular judge.

Appeal from Lawrence Circuit Court.—*Hon. C. A. Denton*, Special Judge.

AFFIRMED.

*W. Cloud* and *Jos. French* for appellant.

It is apparent from the information that the defendant was not only appointed, but his duties were defined by the ordinance. He, as such enumerator, had no existence, or duty to perform except as defined by the ordinance pleaded. Then it results if he did what he is charged with doing, it was in violation of the ordinance and should have been proceeded against under the provisions of section 5924, Revised Statutes 1899, which conferred exclusive, original jurisdiction on the mayor and police judge to try and determine all offenses against the ordinances of the city.

*Archie L. Hilpirt*, Prosecuting Attorney, for respondent.

(1) Where a statute creates an offense, an indictment which follows the words of the statute is sufficient. State v. Mitchell, 6 Mo. 147; State v. Coulter, 45 Mo. 564; State v. Davis, 106 Mo. 230; State v. Rowlin, 141 Mo. 547. (2) Section 2597, Revised Statutes 1899, provides that the special judge shall possess all the powers and perform all the duties of a circuit judge at the regular term of such court. State v. Pope, 110 Mo. App. 520.

STATEMENT.—This is a prosecution filed by the prosecuting attorney by information in Lawrence county against R. P. Alsup for a misdemeanor, charging him with violating section 6300 of the Revised Statutes of 1899, and grew out of the following state of facts: On the 23d day of September, 1907, a petition signed by more than twenty-five inhabitants of Pierce City, Missouri, was presented to the board of aldermen of that

city praying that a census of the city be taken under said section 6300. The board granted the petition, passed an ordinance in conformity to the section of the statutes providing for the taking of said census, and appointed the appellant herein as enumerator to take the census. He qualified as such and assumed the duties of the appointment, attempted to take the census, and made return of his work to the city clerk under oath as required by the ordinance and said section of the statutes. Thereupon, the prosecuting attorney of Lawrence county filed an information in the circuit court of such county under section 6300 charging the appellant with having made a false return as to the number of inhabitants in the city of Pierce City.

The information sets up the taking of the census, shows the appointment of said Alsup to take the census, his compensation, and that he assumed the duties of enumerator, and "unlawfully, falsely, willfully and fraudulently, did make a return of the census taken by him, in pursuance of said ordinance and appointment under oath and did file the same with the clerk of said city of Pierce City, falsely and fraudulently stating and alleging in such return so made by him under oath that the inhabitants of said city enumerated and counted was twenty-five hundred and fifty-five, when in truth and in fact the number of inhabitants of said city at such time was less than twenty-five hundred as the defendant then and there well knew."

On the 30th of September, the demurrer to the information which had been filed by the defendant was overruled. The defendant thereupon withdrew his plea of not guilty and entered a plea of guilty and judgment and sentence was given against him. After timely motions for a new trial and in arrest of judgment, the cause is here on appeal.

I.

NIXON, P. J. (after stating the facts).—This offense for which the defendant was prosecuted was cre-

ated by statute, and the information followed the words of the statute and under the authorities is sufficient. [State v. Mitchell, 6 Mo. 147; State v. Rowlen, 114 Mo. 626; City of Louisiana v. Anderson, 100 Mo. App. 341, 73 S. W. 875; State v. Dooley, 121 Mo. 591, 26 S. W. 558; State v. Fare, 39 Mo. App. 110; State v. Sayman, 61 Mo. App. 244.]

## II.

Another objection raised by the appellant is that the circuit court had no jurisdiction to hear and try this cause for the reason that the special judge, Hon. C. A. Denton, in the absence of the regular judge and without his direction and sanction, adjourned the court that he was holding from September 8, 1908, to September 30, 1908, on the application of the appellant. The facts as to such adjournment are stated as follows in appellant's brief:

"And thereafter on the same day on application of defendant this cause was continued to the 30th day of September, 1908, and in the absence of Hon. F. C. Johnson, regular judge of said court, and without his order or direction the Hon. C. A. Denton, judge of the 29th circuit of Missouri, adjourned this court to the 30th day of September, 1908. Thereafter on the 30th day of September, 1908, the Hon. C. A. Denton, judge of the 29th judicial circuit of Missouri, and in the absence of the Hon. F. C. Johnson, judge of this court, opened the court and called this case."

The substance of the objection, as will be seen, is that the special judge in holding a term of court to try a special case is a sort of satellite revolving around the greater luminary,—the regular judge; that his jurisdiction is limited and that he cannot adjourn the court without the consent of the regular judge or in his presence and under his order or direction. This misconception is exploded by the unambiguous language of the law itself. [Section 2597, R. S. 1899.] It clothes the

special judge with all the judicial power, functions and duties of the regular judge and explicitly provides: "it shall be the duty of the judge so requested to appear and hold the court at the time appointed for the trial of said cause; and he shall during the trial of said cause, possess all the powers and perform all the duties of a circuit judge at a regular term of such court, *and may adjourn the case from day to day, or to some other time as the exigencies of the case may require.*" This identical question has received a very satisfactory, able and exhaustive examination by the St. Louis Court of Appeals in the case of the State of Missouri v. Pope, 110 Mo. App. 520.

### III.

The offense created by the Legislature for which the defendant was prosecuted was a misdemeanor under the statute and the circuit court had jurisdiction. Section 6300 of the Revised Statutes of 1899 provides for the taking of a census, and enacts "that any person failing or refusing to comply with this section, or any person who shall make a false return, shall be deemed guilty of a misdemeanor, and shall be punished by fine of not less than ten dollars or more than one hundred dollars, and may be ousted from office. This section shall apply to cities of the fourth class."

The appellant contends that it is a violation of the city ordinance and not of the State law. So far as appears from the record there is no ordinance in Pierce City declaring the making of a false return to a municipal census an offense. Being so, how can it be said that the city has exclusive jurisdiction to hear and determine this case? The statute says the acts charged in the information shall be a misdemeanor and fixes the fine therefor.

It is not within the power of the Legislature to make ordinances for the cities of the State nor to fix

the punishment for the violation thereof, but that authority has been delegated to the board of aldermen. The Legislature has the power, however, to declare acts of dishonesty, like swearing falsely to a return of a municipal census, a crime, and to provide a punishment therefor. This was done by section 6300 aforesaid. The Legislature has here provided that in order to ascertain the population of any city, the board of aldermen may have a census taken, and has also provided how the return shall be made and what the effect of a false return shall be. Clearly, the violation of this provision is a violation of the State law, and as it is made a misdemeanor and the punishment therefor fixed, the circuit court had jurisdiction to hear and determine this case. Section 2475, Revised Statutes 1899, provides that the circuit court and justices of the peace shall have concurrent jurisdiction of all misdemeanors, except as otherwise provided. The defendant's act, if committed, was a misdemeanor. The provision of the statute which provides that the mayor and police judge of cities of the fourth class shall have original jurisdiction to hear and determine complaints for violation of the city ordinances has no reference to cases of this kind, but refers exclusively to violations of city ordinances. We have been referred to no authority, in the statutes or in the decisions of the courts, giving police courts the power to hear and determine informations for misdemeanors for the violation of the State laws. There being no such law, the only courts having jurisdiction of such a case was the circuit court and the justice court, and the acts charged in the information being declared a misdemeanor by section 6300 of the Revised Statutes of 1899, the circuit court had jurisdiction to hear and determine this case.

The judgment of the circuit court is therefore affirmed. All concur.