**CITY OF AVA, Missouri, Plaintiff-Appellant,**

v.

**Philip Jene YOST, Defendant-Respondent.**

No. 8238.

Springfield Court of Appeals.

Missouri.

Feb. 21, 1964.

James E. Curry, Ava, for plaintiff-appellant.

Quentin Haden, Ava, for defendant-respondent.

RUARK, Presiding Judge.

This is an appeal by the City of Ava from the order of the circuit court granting a new trial to a defendant convicted of having violated the ordinances of the city.

■ In the city court an unverified uniform traffic ticket charging speeding was filed by a city officer. According to the transcript the city attorney thereafter filed an information (see S.Ct. Municipal Rules 37.05, 37.29, and 37.46, V.A.M.R.) charging reckless driving but in only general terms. The order for new trial in the circuit court was on the stated ground (S.Ct. Criminal Rule 27.19[6], V.A.M.R.), as asserted in motion prior to trial and reasserted in the motion for new trial, that the information was insufficient. In so holding we believe the judge of the circuit court was correct (City of Raytown v. Roach, Mo.App., 360 S.W.2d 741); but in examining the transcript we have found ourselves confronted by a question of jurisdiction which, although not raised, so obtrudes itself as to require examination.

After the information was filed in police court, the defendant Yost filed an "application for change of venue" on the ground of the bias and prejudice of Hobart Gentry, police judge. This application (whether it was sworn or not we are unable to determine) requested transfer of the case to the circuit court of Douglas County. The application was "sustained" and the case was accordingly transferred to and tried in the circuit court. The question which occurs to us is did the circuit court have jurisdiction of the case on such transfer?

S.Ct. Municipal Rule 37.90, V.A.M.R., provides that in any municipal court the judge shall be incompetent and disqualified to hear and try a pending case when he is in anywise interested or prejudiced. He may disqualify himself on his own motion or upon the filing of affidavit as to interest and prejudice. S.Ct. Rule 37.91, V.A.M.R., provides that upon such disqualification the judge shall transfer the case to *"another judge authorized by law to hear such case."*

Section 98.510, V.A.M.S., provides that no change of venue shall be taken from the police judge. The disqualification of a judge and substitution of another upon such disqualification is not a change of venue, and reference to such disqualification and substitution as a "change of venue" is a misnomer.[1] The supreme court rule and the statute are not inconsistent in that respect.

Article 5, Section 14, Mo.Const., V.A. M.S., gives the circuit courts exclusive original jurisdiction in cases "not otherwise provided for" and concurrent and appellate jurisdiction "as provided by law." Section 478.070, V.A.M.S., relating to jurisdiction of circuit courts does not provide for original substituted jurisdiction in police courts unless it be in the phrase "not otherwise provided for by law." By Section 541.020, V.A.M.S., "[e]xcept as otherwise provided by law," the circuit courts have concurrent original jurisdiction with magistrates and police *courts* in all cases of misdemeanor.

1. 20 Mo.L.Rev. 13 (Ely); State ex rel. Kansas City Public Service Co. v. Waltner, 350 Mo. 1021, 169 S.W.2d 697; State v. Mitts, Mo., 29 S.W.2d 125;

Pogue v. Swink, 364 Mo. 306, 261 S.W. 2d 40; Id., 365 Mo. 503, 284 S.W.2d 868 (9); State ex rel. Creamer v. Blair, 364 Mo. 927, 270 S.W.2d 1.

■■ The violation of a city ordinance is not a crime in a constitutional sense, nor a misdemeanor under our criminal code. City of Cassville v. Jimerson, 75 Mo.App. 426; City of Webster Groves v. Quick, Mo., 319 S.W.2d 543; State v. Muir, 164 Mo. 610, 65 S.W. 285; Ex parte Hollwedell, 74 Mo. 395(2); State v. Bowen, 72 Mo. App. 66.[2] The action taken against one accused of violating a city ordinance is a civil proceeding looking to the enforcement of a penalty, although the procedures followed may take on criminal procedure aspects. City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935; King City v. Duncan, 238 Mo. 513, 142 S.W. 246; City of Fredericktown v. Hunter, Mo.App., 273 S.W.2d 732; State v. Jackson, Mo.App., 220 S.W.2d 779.

In searching for the "otherwise provided for by law," we return to Section 98.500, V.A.M.S., and those sections following in relation to cities of the fourth class. The mayor *and* the police judge are conservators of the peace with *exclusive* original jurisdiction to hear and determine *all* offenses against the city. The following sections treat of the authority and the duties of the mayor and police judge in the same language. The difference is that in Section 98.500, V.A.M.S., it is provided that the city may elect a police judge and in that event he acquires exclusive original jurisdiction to hear cases involving offenses against the ordinances. But the same section provides that in case of absence, sickness, vacancy in office, or *disability in anywise*, the mayor shall perform all such duties until the disability is removed.

■ In construing a statute, the object sought to be accomplished must be considered. State ex rel. Gerber v. Mayfield, 365 Mo. 255, 281 S.W.2d 295; State ex rel.

Henderson v. Proctor, Mo., 361 S.W.2d 802. Taking together the provisions of all the code and procedures set up in Section 98, we think that it is apparent that the legislature intended that the mayor have all the powers and duties of the police judge (if there be one) when such judge is disabled "in anywise" from discharging the functions of his office; and that a disqualification because of interest, bias, and prejudice is such a "disability." We think that the legislature did not intend to burden the circuit courts with the hearing of ordinance violation cases except in a derivative capacity on appeal. For that reason we hold that the mayor (acting as police judge), and not the circuit court, has jurisdiction to try cases in which the police judge is disabled by disqualification; and by the same token, the circuit court has no original jurisdiction to try the same.

■ There remains the question of whether jurisdiction has been waived. Jurisdiction of the court to render a certain judgment may depend upon jurisdiction of the person, which *can* be waived, or jurisdiction of the subject matter, which *cannot* be waived.[3] When the question goes to the *power* of the court under a statute to determine the controversy or to render the particular judgment in the particular case, the jurisdiction partakes of the nature and character of subject matter and cannot be waived. State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S.W.2d 52; Cole v. Cole, 89 Mo.App. 228; State ex rel. Creamer v. Blair, supra, 364 Mo. 927, 270 S.W.2d 1; State ex rel. Ballew v. Hawkins, Mo., 361 S.W.2d 852; see Aetna Ins. Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3. Unless the power can be found within the constitution or the laws enacted thereunder, there is no jurisdiction and the act is a nullity. In re Buckles, 331 Mo. 405, 53 S.W.2d 1055. And

2. See the distinction made in City of St. Louis v. Penrod, Mo.App., 332 S.W.2d 34, and State v. Alsup, 140 Mo.App. 194, 123 S.W. 1011.

3. State ex rel. Missouri Gravel Co. v. Workmen's Compensation Commission,

234 Mo.App. 232, 113 S.W.2d 1034; State ex rel. MacNish v. Landwehr, 332 Mo. 622, 60 S.W.2d 4; State ex rel. Fechtling v. Rose, 239 Mo.App. 178, 189 S.W. 2d 425; Johnson v. Frank, 354 Mo. 767, 191 S.W.2d 618; Wade v. Markham, Mo.App., 106 S.W.2d 939.

if the statute fixes the venue because of the subject matter involved, such statute is mandatory. Stoops v. Stoops, 363 Mo. 1075, 256 S.W.2d 799; March v. Gerstenschlager, Mo., 322 S.W.2d 743.

It is our conclusion that the legislature granted no original jurisdiction to the circuit court to hear cases for violations of ordinances of cities of the fourth class; that the parties could not confer jurisdiction of such cases by waiver or agreement; and that therefore the judgment of the circuit court was a nullity. We believe that the mayor is the person "authorized by law" to hear the case when the police judge is disqualified. Therefore, the judgment of the circuit court is reversed with directions to remand the case to the police court for trial by the police judge or, if he be disqualified, by the mayor as acting police judge.

It is so ordered.

STONE and HOGAN, JJ., concur.