Dear Senator Strong:
This opinion is in response to your request asking:
 Section 57.955 RSMo. Supp. 1983 states "in addition to all other legal costs in each civil suit . . . and all other proceedings of a civil nature filed in each circuit court and the divisions thereof, except the juvenile divisions, in a county there shall be assessed and collected . . . a sum of three dollars." These special costs are to fund the Sheriff's Retirement System.
 1) Are municipal ordinance violations filed in the municipal division of the circuit courts "civil suits" as defined in Section 57.955? (See Attachment A)
 2) Are municipal courts required to collect the special court costs for the Sheriff's Retirement System under Section 57.955?
 3) If the response to question 2 is affirmative, when a municipal ordinance violation is appealed or certified to the Circuit Court from the Municipal Division to be heard de novo, are these costs to be collected again on the case?
Section 57.955.1, RSMo Supp. 1983, states:
 After the effective date of the establishment of the system, in addition to all other legal costs in each civil suit, action, case and all other proceedings of a civil nature filed in each circuit court and the divisions thereof, except the juvenile divisions, in a county there shall be assessed and collected in the same manner as other civil court costs are collected a sum of three dollars and in all criminal cases a sum of two dollars, but no such costs shall be assessed when the costs are to be paid by the state for indigent defendants. The clerk, or other official responsible for collecting court costs in civil and criminal cases, shall collect such amounts and shall remit them monthly to the board for deposit in the sheriffs' retirement fund. The clerk, or other official, shall keep accurate records of the amounts collected for the sheriffs' retirement fund pursuant to this subsection and the records may be audited by the board of directors at any time. Moneys credited to the sheriffs' retirement fund shall be used only for the purposes provided for in sections 57.949 to 57.997 and for no other purpose. [Emphasis added.]
Municipal corporation courts have been abolished by the adoption of the unified court plan, C.C.S.S.J.R. 24, 1975-1976 Missouri Laws 803, 819 (adopted August 3, 1976, effective January 2, 1979), and the enactment of the Court Reform and Revision Act of 1978, H.B. 1634, 1978 Missouri Laws 696.
Article V, Section 27, Missouri Constitution, states in part:
 Except as otherwise provided in this article, the effective date of this article shall be January 2, 1979.
* * *
 2. All . . . municipal corporation courts shall continue to exist until the effective date of this article at which time said courts shall cease to exist. When such courts cease to exist:
* * *
 d. The jurisdiction of municipal courts shall be transferred to the circuit court of the circuit in which such municipality or major geographical area thereof shall be located and, such courts shall become divisions of the circuit court. . . . [Emphasis added.]
Section 479.010, RSMo 1978, states:
 Violations of municipal ordinances shall be tried only before divisions of the circuit court as hereinafter provided in this chapter. [Emphasis added and revisor's note omitted.]
Municipal ordinance violations are now tried only before divisions of the circuit courts. Section 57.955.1, RSMo Supp. 1983, applies to "each civil suit, action, case and all other proceedings of a civil nature filed in each circuit court and the divisionsthereof, except the juvenile divisions, . . . and in all criminal cases. . . ." (Emphasis added.) For well over a hundred years, municipal ordinance violations have been regarded as actions that are quasi-criminal in nature but civil in form. City of KansasCity v. Clark, 68 Mo. 588, 590 (October Term, 1878). Municipal ordinance violations are not crimes. City of St. Louis v. BruneManagement Co., 391 S.W.2d 943, 946 (Mo.App. 1965). Municipal ordinance violations are civil actions for the recovery of a penalty.City of Ava v. Yost, 375 S.W.2d 884, 886 (Mo.App. 1964). Accordingly, the answer to the first question presented is that a municipal ordinance violation case filed in the municipal division of a circuit court is an action of a civil nature. However, this does not necessarily mean that Section 57.955.1, RSMo Supp. 1983, imposes court costs in municipal division cases.
Subsections 1 and 2 of Section 479.260, RSMo Supp. 1983, state:
 1. Municipalities by ordinance may provide for court costs in an amount not to exceed twelve dollars per case for each municipal ordinance violation case filed before a municipal judge, and in the event a defendant pleads guilty or is found guilty, the judge may assess costs against the defendant except in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. The costs authorized in this subsection are in addition to service costs, witness fees and jail costs that may otherwise be authorized to be assessed, but are in lieu of other court or judge costs or fees. Such costs shall be collected by the municipal clerk and disbursed as provided in subsection 1 of section 479.080.
 2. In municipal ordinance violation cases which are filed before an associate circuit judge, court costs shall be assessed in the amount of fifteen dollars per case. In the event a defendant pleads guilty or is found guilty, the judge shall assess costs against the defendant except in those cases where the defendant is found by the judge to be indigent and unable to pay the costs. In the event a defendant is acquitted or the case is dismissed, the judge shall not assess costs against the municipality. The costs authorized in this subsection are in addition to service costs, witness fees and jail costs that may otherwise be authorized to be assessed, but are in lieu of other court costs. Such costs shall be collected by the division clerk or as provided by court rule and disbursed as provided in subsection 2 of section 479.080. [Emphasis added.]
Section 57.955.1, RSMo Supp. 1983, originated as Senate Bill No. 145, 82nd General Assembly, First Regular Session. Senate Bill No. 145 was incorporated into House Bill No. 81 by the Conference Committee that produced Conference Committee Substitute for House Bill No. 81, 1983 Missouri Legislative Service 1564, 1571 (Vernon's). The pertinent wording did not change anywhere along the legislative process. Section 479.260, RSMo Supp. 1983, originated as part of the Court Reform and Revision Act of 1978, H.B. 1634, 1978 Missouri Laws 696, 889.
Sections 57.955.1 and 479.260, RSMo Supp. 1983, appear to conflict. Statutes that appear to conflict should be harmonized together if at all possible; the ultimate guide being the intent of the General Assembly. Edwards v. St. Louis County, 429 S.W.2d 718,721-722 (Mo.Banc 1968).
In Opinion No. 159, Cantrell, July 31, 1980, copy enclosed, this office observed an apparent conflict between Section 479.260, RSMo, and Section 590.140, RSMo, which specifically authorizes municipalities to impose court costs earmarked for the peace officers' standards and training (POST) program. We determined that the General Assembly intended to bypass the Section 479.260 "in lieu of" language through the enactment of Section 590.140, RSMo, because (1) the POST costs were specifically earmarked and (2) specific and express authorization was given to municipalities to impose such costs.
In determining the legislative intent behind Section 57.955.1, we note that the General Assembly is currently considering House Committee Substitute for Senate Bill No. 704. This bill would specifically exempt the municipal divisions from Section 57.955.1. The fiscal note accompanying this bill (F.N. 2716-1; dated April 3, 1984) states:
 The intent of this is to clarify the provisions of legislation enacted last year regarding the levy of court costs in municipal courts as they relate to the sheriffs retirement system and would have no effect on state or local funds. [Emphasis added.]
See Section 21.510, RSMo 1978.
The fact that the fiscal note states that the exclusion of municipal divisions from Section 57.955.1, as is proposed by H.C.S. S.B. 704, would not affect state or local funds, shows that the General Assembly never originally intended to include municipal divisions in Section 57.955.1. Otherwise, the exclusion of municipal divisions would have some fiscal impact on public funds. Therefore, we conclude that the "in lieu of" language of Section 479.260, RSMo Supp. 1983, controls in this instance.
Accordingly, Section 57.955.1, RSMo Supp. 1983, does not impose court costs in cases filed in the municipal divisions of the circuit courts.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Opinion No. 159, Cantrell, 7-31-80